UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MIGUEL A. RIVERA, ) | |
| ) | |
| Plaintiff, ) | No: 22 CV 5209 |
| ) | |
| vs. ) | |
| ) | |
| CITY OF WAUKEGAN, ) | |
| ) | |
| Defendant. ) | |
| ) | JURY DEMAND |

### FIRST AMENDED COMPLAINT
### AS AND FOR A FIRST CAUSE OF ACTION
### (AGE DISCRIMINATION IN VIOLATION TO THE ADEA)

NOW COMES the PLAINTIFF, **MIGUEL A. RIVERA,** ("PLAINTIFF"), by and through his attorney, MICHAEL T. SMITH & ASSOCIATES, and in complaining of the **CITY OF WAUKEGAN,** ("Defendant"), and states as follows:

### JURISDICTION AND VENUE

1. PLAINTIFF brings this action for benefits under the Age Discrimination in Employment Act of 1967 (hereinafter sometimes referred to as the ADEA), 29 U.S.C. § 621-634, under the specific provisions of the Age Discrimination in Employment Act, viz. 29 U.S.C. § 626(c).

2. Jurisdiction of this action is conferred upon the Court by Section 7(b) of the Age Discrimination in Employment Act, 29 U.S.C. § 626 (b) and Venue 28 U.S.C. § 1331.

3. The employment practices hereafter alleged to be unlawful were and are now being committed in the Northern District of Illinois, Eastern Division.

### PARTIES

4. PLAINTIFF is an adult male person of Hispanic decent and a resident of

Waukegan, Cook County, State of Illinois.

5. PLAINTIFF is an employee of DEFENDANT, since March 12, 2012.

6. DEFENDANT is an employer within the meaning of the Civil Rights Act and 42 U.S.C. 2000(e) *et seq*. and has been at all times material to the allegations herein.

## STATEMENT OF FACTS

7. PLAINTIFF is a Code Enforcement Employee at DEFENDANT's facility in Waukegan, Illinois.

8. At all times relevant, DEFENDANT, has been and is now a body politic organized under the laws of Illinois and has continuously had and now more than five hundred (500+) employees.

9. PLAINTIFF was born in 1969 and falls within the group protected by the ADEA.

10. At all times material herein and hereinafter mentioned the DEFENDANT Corporation has engaged in and employed its employees in commerce and in the providing services to the public at large. DEFENDANT was, and is, and has been, at all times material herein, engaged in commerce within the meaning of the ADEA.

11. DEFENDANT is an employer within the meaning of the ADEA.

12. PLAINTIFF was subjected to harassment and increased job scrutiny due to actions of DEFENDANT's agents in violation of the ADEA because of PLAINTIFF'S age.

13. In or about May 16, 2022, the PLAINTIFF, while meeting the minimum standards of his employer, DEFENDANT willfully discriminated against PLAINTIFF because of his age, and treating younger employees, who are under 40, to lesser performance standards.

14. As a result of DEFENDANT's action, the PLAINTIFF has been deprived of his

wages and employment benefits.

15. In addition, the PLAINTIFF seeks injunctive relief to secure a more secure workplace and equal employment benefits in the future.

16. DEFENDANT's conduct was at all times willful and wanton entitling the PLAINTIFF to liquidated damages.

## PROCEDURAL FACTS

17. PLAINTIFF protested his unlawful treatment and filed charges of the discrimination herein alleged with the Equal Employment Opportunity Commission at Chicago (EEOC), Illinois. A true and correct copy of the Charge of Discrimination is attached hereto as Exhibit "A" and incorporated herein. Efforts by that agency to obtain voluntary compliance by the DEFENDANT with the Age Discrimination in Employment Act have been unsuccessful thereby causing the EEOC to issue a Notice of Right to Sue letter. A true and correct copy of the Notice of Right to Sue on June 27, 2022, is attached hereto as Exhibit "B" and incorporated herein.

18. This action has been timely filed within ninety (90) days of the receipt of the Notice of Right to Sue

WHEREFORE, the PLAINTIFF prays that the court order such relief as is necessary to make the PLAINTIFF whole, including:

    1. Injunctive Relief;

    2. Damages, including loss of pay and benefits;

    3. Statutory liquidated damages due to the DEFENDANT's willful conduct;

    4. Attorneys' fees and costs incurred in this action

    5. Such other relief as is just and equitable.

6. The PLAINTIFF requests a jury trial of this action.

## AS AND FOR A SECOND COUNT OF ACTION
### (Title VII-NATIONAL ORIGIN DISCRIMINATION)

### Nature of the Action

19. PLAINTIFF brings this action under Title VII of the Civil Rights Act of 1964 and as amended by inter alia, the Civil Rights Act of 1991, 42 U.S.C.A. §§ 2000e et seq., ("ACT"). venue jurisdiction under 28 U.S.C.A. § 1343 (4) and 42 U.S.C.A. § 2000e-5(f), for DEFENDANT having subjected PLAINTIFF to National Origin discrimination by failure to treat her the same as non-Hispanic employees despite PLAINTIFF's complaints about same.

20. PLAINTIFF repeats and realleges each and every allegation set forth above with the same force and effect as more fully set forth herein.

21. PLAINTIFF is a Hispanic male, working in a racially diverse office.

### FACTUAL BASIS

22. That PLAINTIFF was treated differently than non-Hispanic employees in the handling of any work assignments, discipline and work monitoring,

23. Further, DEFENDANT by its action or inactions of its agents based upon PLAINTIFF's complaints in the workplace, caused and created a hostile work environment which unreasonably interfered with the terms and conditions of PLAINTIFF's employment and PLAINTIFF's performance in his job, all in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section 2000-c et seq; as amended by inter alia the Civil Rights Act of 1991.

24. DEFENDANT's violation of the Civil Rights Act of 1964 has proximately caused PLAINTIFF to suffer damages.

25. DEFENDANT's violation of PLAINTIFF's rights was willful.

26. By reason of the National Origin discrimination of DEFENDANT, PLAINTIFF has suffered a loss of earnings and benefits, in addition to suffering great pain, humiliation and mental anguish, all to his damage.

## PRAYER FOR RELIEF

WHEREFORE, PLAINTIFF prays for judgment as follows:

1. Declare the conduct engaged in by DEFENDANT to be in violation of PLAINTIFF's rights;

2. For injunctive relief, including but not limited to relief required to make PLAINTIFF whole for the losses caused by the violations of DEFENDANT, including reinstatement;

3. For compensatory damages in an amount according to proof;

4. For punitive damages based upon the wrongful conduct of DEFENDANT

5. For costs of suit, including reasonable attorney's fees and expert fees, pursuant to 42 U.S.C.A § 12117(a), which incorporates the remedies set forth in Title VII of the Civil Rights Act of 1964, Title 42 U.S.C.A. § 2000e-5(k); and

6. For such other and further relief as the court deems proper.

MIGUEL A. RIVERA

BY:**/s/ Michael T. Smith**
Michael T. Smith
Trial Attorney

Michael T. Smith #6180407IL
10 Martingale Road/Suite 400
Schaumburg, Illinois 60173
(847) 466-1099